### B. A. STEVENS v. L. S. & M. S. RY. Co.

**1. BILLS OF LADING CANNOT BE VARIED BY PAROL EVIDENCE.**

In the absence of fraud or mistake, a bill of lading, signed by the receiving agent of a common carrier, containing no restrictions upon its common law liability, delivered to a consignor contemporaneously with the receipt of the goods for shipment, and acquiesced in by him, becomes the contract of shipment, and its terms cannot be contradicted by parol evidence. C. C. C. & I. R. R. Co. v. LaTourette, 1 Circ. Dec., 486, approved and followed.

**2. CONTRACT OF CARRIAGE—LIABILITY OF CARRIER.**

It is competent for the parties to a contract of carriage to stipulate that the initial carrier shall be bound for the safe carriage of the goods beyond its own line, and for delivery to the consignee, and it is also competent for the parties, by their contract, to limit the liability of the initial carrier to the safe carriage of the goods over its own line only; and, in the latter case, the receipt of the freight charges for the whole distance by the initial carrier does not alter its liability further than to make it the agent of the shipper for the purpose of paying the connecting carrier its share of such charges.

**3. EXPLICIT PROVISIONS LIMITING CARRIERS LIABILITY.**

In the absence of stipulations on the subject, the acceptance of goods by a carrier for shipment beyond its own line, and receipt of freight charges for the whole distance, may involve an undertaking on the part of the carrier to transport them the whole distance and deliver them to the consignee; but when the bill of lading contains explicit provisions on the subject, they must be given effect, in the absence of averments and evidence which would authorize a court to ignore or set them aside.

**4. RULES APPLIED LIMITING CARRIERS LIABILITY.**

Where stipulations in a bill of lading are consistent with common law liability, as where it limits the liability of the carrier to its own line, and the shipper seeks to impose greater liability upon the carrier, the fact that the shipper may not have noticed the terms of the printed bill of lading, is not enough to warrant a departure from such terms, and the imposition of a greater obligation on the carrier, because of an implied undertaking arising out of the circumstances of the acceptance of the goods by the carrier marked for shipment beyond its line and the receipt of freight charges for the whole distance; and especially is this so where, as in case at bar, the shipper is aware, at the time of shipment, that the destination is beyond the carrier's line, in which case the shipper is bound to know that if any obligation is imposed upon the carrier beyond its own line it must be by contract extending or enlarging its common law liability.

HEARD ON ERROR.

PARKER, J.

This action was brought by B. A. Stevens, as plaintiff, against The Lake Shore & Michigan Southern Railway Company before a justice of the peace, alleging a liability on the part of the defendant as a common carrier. The case went to judgment before the justice, and was appealed to the court of common pleas, and was determined there by a judgment in favor of the railway company, and Stevens prosecuted error to that judgment.

The defendant, as a common carrier, accepted for transportation goods consigned to Knowlton, Wis., a station beyond the western terminus of defendant's railroad, which is at Chicago and on the line of the Chicago, Milwaukee & St. Paul railroad an independent road, having its eastern terminus at Chicago. The defendant collected the freight charges for the whole distance, that is, over both roads. The goods were duly delivered by the defendant to the Chicago, Milwaukee & St. Paul Railroad company at Chicago, and were by it transported to Knowlton, where they were claimed by and delivered to a person other than the consignee, whereby they were lost.

The plaintiff contends that the defendant is responsible to the plaintiff for the value of the goods, on the ground that the agreement between them involved an undertaking on the part of defendant that the goods should be safely transported to their ultimate destination and delivered to the consignee. The defendant, on the other hand, contends that it discharged its whole duty upon delivering the goods into the hands of the common carrier at Chicago.

No doubt it is competent for the parties to contract so that the initial carrier shall be bound for the safe carriage of the goods beyond its own line, and for their delivery to the consignee. Steamboat v. Thompson, 16 Ohio St., 98 ; C. H. & D. and D. & M. R. R., Co. v. Pontius, 19 Ohio St., 221. Under such a contract the connecting carrier becomes the agent of the initial carrier, and for the neglect or default of the former, the latter becomes responsible. On the other hand, it is competent for the parties, by their contract, to limit the liability of the initial carrier to the safe carriage of the freight over its own line only, and the delivery thereof to the connecting carrier; and in such case, though the initial carrier receives the freight charges for the whole distance, that does not alter its situation farther than to make it the agent of the shipper for the purpose of paying to the connecting carrier its share of such charges. To determine the extent of the undertaking we must, therefore, look to the contract of shipment.

The facts upon which this case was submitted to the court below were agreed to and reduced to writing, and I read from that agreed statement of facts :

" It is agreed between plaintiff and defendant and their respective counsel, that the following are the facts in this case, and the same may be used and read in evidence by either party upon any trial, in any court between said parties, their successors and assigns ; subject, however to any objections or exceptions thereto for incompetency or irrelevancy :

" 1.   That the defendant is now and was upon November 21, 1896, a corporation duly incorporated under the laws of the state of Onio, owning and operating a line of railway extending from the city of Toledo, in the state of Ohio, to the city of Chicago, in the state of Illinois; and as such was then engaged in the business of a common carrier of freight for hire.

" 2.   That on November 21, 1896, said plaintiff delivered to the defendant at said city of Toledo, Ohio, certain merchandise, of the value of $7.50, for transportation by said defendant, consigned to C. Weisenicker, Knowlton, Wis.   Said goods were delivered by said Stevens to said defendant and said shipment and carriage made upon the following conditions, set forth in said bill of lading on receipt for said goods :

" ' Which said company agrees to carry to the said destination, if on its road, otherwise to deliver to another carrier on the route of said destination.

" ' It is further mutually agreed in consideration of the rate of freight, as to each carrier of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the conditions, whether printed or written, herein contained, and which are hereby agreed to by the shipper and by him accepted for himself and assigns as just and reasonable upon all the conditions, whether printed or written, herein contained.'

3. That among such conditions were the following :

" ' a. No carrier or party in possession of all or any of the property herein described shall be liable for any loss thereof, or damage thereto, by causes beyond its control.

" ' b. Every carrier shall have the right, in case of necessity, to forward said property by any railroad or route between the point of shipment and the point to which the rate is given.

" ' c. No carrier shall be liable for loss, or damage, not occurring on its own road or its portion of the through route, nor after said property is ready for delivery to the next carrier or to consignee.'

" ' Property destined to or taken from a station at which there is no regular appointed agent shall be entirely at the risk of owner when unloaded from the car or until loaded into car.'

" 4. That at the time of said shipment the only connecting carrier of said defendant by which said carriage could be made, was the Chicago, Milwaukee & St. Paul Railroad Company, which fact was known to plaintiff.

" 5. That said goods were by said defendant delivered to said Chicago, Milwaukee & St. Paul Railroad Company in good order and condition."

Then follows a statement of the further facts that I have heretofore briefly stated as to the circumstances of the loss of the property.

Under the plain reading of this bill of lading it seems to us clear that the undertaking of the defendant is thereby limited to the safe delivery of the goods into the hands of the connecting line at Chicago.

But it is said that the true meaning and intent of the agreed statement of facts is, not that the plaintiff and defendant expressly agreed that the goods should be shipped on the terms and conditions set forth in this bill of lading, but that the defendant delivered to the plaintiff this bill of lading containing these conditions upon receipt of the goods and the freight charges, and that the question of plaintiff's assent or absence of assent has not been determined by this agreed statement of facts, but it is to be determined by the circumstances stated as to the delivery of the receipt to him, and the rules of law applicable thereto. If we were able to put this construction upon this agreed statement of facts, the case of plaintiff would not be materially improved ; there is no statement from which we may find that any imposition was practiced upon the plaintiff by the defendant in procuring the acceptance of this bill of lading by the former, nor is there anything in the record from which we can find that plaintiff was ignorant of the terms of this bill of lading when he received the same. As a rule, the terms of the agree-

ment between the shipper and the carrier are to be found in and determined from the bill of lading; and that written contract between the parties is subject to the general rules applicable to the variation of written contracts by parol evidence.

We are of the opinion that in the absence of any specific stipulations on the subject, the acceptance of the goods by the carrier for shipment to their ultimate destination, and receipt by the initial carrier of the charges for the whole distance, may involve an undertaking on the part of the carrier to transport them the whole distance and deliver them to the consignee, and so make it responsible for the default of connecting lines. But when the bill of lading contains explicit provisions on the subject, these must be regarded and given effect in the absence of averments and evidence that would authorize a court to ignore or set aside such contract of shipment.

However the rule may be as to stipulations limiting the common law liability of a carrier, where, as in this case, the stipulations are consistent with the common law liability, and the shipper seeks to impose greater liability upon the carrier, the fact that the shipper may not have noticed the terms of the printed bill of lading is not enough to warrant a departure from such terms, and an imposition of a greater obligation upon the carrier, because of an implied undertaking arising out of the circumstances of the acceptance of the goods by the carrier marked for shipment beyond its line, and the receipt of freight charges for the whole distance. Especially is this so where, as in this case, the shipper is aware at the time of the shipment, that the destination is beyond the carrier's line; for, in that case, he is bound to know also that if any obligation is imposed upon the carrier beyond its own line, it must be by virtue of a contract extending or enlarging his common law liability.

That the mere failure to notice the terms of the bill of lading is not sufficient in such a case to authorize a court to disregard the same is decided in Cleveland C. C. & I. R. R. Co. v. LaTourette, 1 Circ. Dec., 486. The opinion in this case is by Judge Shauck, now of the Supreme Court. We cannot find that this case has ever been before the Supreme Court, but we believe that the rules laid down, and the decision, are consistent with the former decisions of the Supreme Court, and the case is so nearly in line with the one we have before us, that we do not feel disposed to carry the argument of the matter further, but we place our reliance and our decision upon the argument and decision in this case. The syllabus is:

"In the absence of fraud and mistake, a bill of lading signed by the receiving agent of a common carrier, containing no restriction upon its common law liability, delivered to the consignor contemporaneusly with the receipt of the goods for shipment and acquiesced in by him, becomes the contract of shipment, and its terms cannot be contradicted by parol."

Judge Shauck, in the course of his opinion, points out clearly the distinction between a case where a bill of lading undertakes to vary the common law liability by relieving the common carrier from certain of its common law obligations, and a case where, as in this case, the common carrier does not, by the written or printed stipulations of the bill of lading, seek to limit its common law liability.

This agreement we find is consistent with the common law liability of the carrier. In other words, as already stated, the common law would require of the carrier under these circumstances only the safe carriage of

the goods over its own line and delivery to the connecting carrier ; and if that liability is to be extended-to the safe carriage of the goods by the other carrier, then that must be the subject of an express contract between the parties.   While the courts have gone a good ways in holding that where there is an effort upon the part of a common carrier to limit its own liability, the shipper will not be bound by the stipulations contained in the bill of lading unless he expressly assents thereto, we find no such holding with respect to a case like this, where there is no attempt to limit the common law liability of the carrier.   The judgment of the court below will therefore be affirmed.

*Geo. F. Wells*, for plaintiff in error.
*E. D. Potter*, for defendant in error.